IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSE R. GARCIA-CHICOT                                         PETITIONER

v.                      CIVIL NO. 21-5089

DEXTER PAYNE, Director of Arkansas
Division of Correction                                            RESPONDENT

**REPORT AND RECOMMENDATION**

Petitioner Jose R. Garcia-Chicol ("Petitioner") filed his Petition for Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (ECF No. 1) on May 17, 2021, after which the Court granted his motion to proceed *in forma pauperis* and directed that his Petition be served on the State of Arkansas (ECF No. 4). The State responded on June 10, 2021 (ECF No. 8), providing exhibits which establish the procedural history of this matter. This Petition is assigned to U.S. District Court Judge P.K. Holmes, III who referred it to the undersigned for Report and Recommendation pursuant to Rule 72.1 (VIII)(B) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas.

Background

On September 28, 2018, a Benton County Arkansas Circuit Court jury convicted Petitioner of the rape of his stepdaughter, and he was sentenced to life imprisonment. On direct appeal of his conviction to the Arkansas Supreme Court, Petitioner raised two issues, challenging as improper misconduct a bailiff's communication with the jury during deliberations concerning the verdict

1

forms and as reversible error the Court's admission into evidence of a partially translated letter, ostensibly written prior to trial by Petitioner and mailed to his wife.

Both of Petitioner's grounds for appeal were unsuccessful and Petitioner's conviction was affirmed by the Arkansas Supreme Court on April 16,2020, *see Garcia-Chicol v. State,* 2020 Ark. 1481 (Ark. 2020), with the mandate issued on May 28, 2020. (ECF No. 8-2). Petitioner filed a petition for writ of certiorari on August 21, 2020, and the petition was denied by the United States Supreme Court on November 23, 2020. *See Garcia-Chicol v. Arkansas*, 141 S.Ct. 880, 881 (2020). Importantly, Petitioner – who remains in the custody of the Arkansas Division of Corrections – did not file a Ark. R. Crim. P. Rule 37.1 Motion for Post-Conviction Relief. Petitioner now seeks relief from this Court pursuant to 28 U.S.C. § 2254.

<u>Petition for Habeas Corpus</u>

Petitioner alleges numerous grounds for relief under § 2254 which may be summarized as follows:

(1)  Petitioner contends he is actually innocent of the felony charges and "never made any statements or confessions contrary to his claims of innocence." Petitioner alleges there is no physical evidence of his guilt. (ECF No.1, pp. 3, 25).

(2)  He contends 28 C.F.R. § 50.5 requires that, upon arrest of a foreign national such as himself (a citizen of Guatemala), the arresting agency (Siloam Springs Police Department) contact the United States Attorney to provide, among other services, an interpreter for someone such as Petitioner who "does not speak, read or understand the English language," and this failure required Petitioner to rely on the competence of his counsel. (ECF No. 1, pp. 4, 30).

(3) He contends that the state-employed interpreter provided to "speak for Petitioner" during Petitioner's trial had a conflict, and that unless an interpreter is familiar with specific regional and class dialects, cannot properly interpret from Spanish to English. (ECF No. 1, pp. 5, 31-33).

(4) Petitioner contends that 285 days elapsed between his arrest and time of trial which exceeds the maximum permissible time, and that Petitioner's speedy trial deadline was unjustifiably and improperly tolled by actions of the Prosecutor, providing the prosecution an unfair advantage. (ECF No. 1, pp. 6, 34-37).

(5) He contends that on or about July 26, 2018, he wrote the Benton County Circuit Court Judge and advised that he had little contact with his court appointed counsel – a Benton County Public Defender – and that he felt he was "being kept in the dark" and was being misrepresented and/or had a conflict with his counsel. He contends that he requested a new lawyer; however, according to Petitioner, the Court took no action on his letter. (ECF No. 1, pp. 7, 38-42).

(6) He contends that the Circuit Court Judge improperly instructed the jury regarding translation of Petitioner's letter, allegedly instructing them to consider only the interpreted version of the letter regardless of any knowledge of Spanish an individual juror might possess. (ECF No. 1, p. 8).

(7) He contends that the Circuit Court Judge improperly permitted the Prosecutor to lead during the State's inquiry of minor witnesses on the witness stand during trial and that the Prosecutor improperly coached these minor witnesses, knowing that, due to their ages, they would be "highly impressionable and suggestable" during "authoritarian questioning and displays by the state." (ECF No. 1, pp. 9, 42-43).

(8) He contends that the Circuit Court Judge, on several occasions, improperly admonished Petitioner's counsel to "speed along [Petitioner's] testimony" and stop holding up the jury, evidencing that he was more concerned with the jury's time than Petitioner's life and liberty. (ECF No. 1, pp. 10, 43-44).

(9) He contends that the Circuit Court Judge denied Petitioner the right to confront witnesses against him in violation of the Sixth Amendment by permitting admission of the translated letter without independent authentication and translation and without permitting Petitioner to cross-examine the interpreter. (ECF No. 1, pp. 11, 44-45).

(10) He contends that the Court's bailiff engaged in improper communication with the jury regarding the verdict forms, causing both jury verdicts to be signed, including verdict for both "the greater and lesser offenses." (ECF No. 1, pp. 12, 46-47).

(11) Petitioner contends that he received ineffective and plainly defective assistance of counsel from his counsel, pointing to the language barrier and to a lack of effective (untranslated) communication between he and his counsel. (ECF No. 1, pp. 13, 47-52).

In his § 2254 paperwork, Petitioner admits that grounds 2-8 and ground 11 were not presented to the highest state court having jurisdiction, explaining instead that he depended on counsel to "defend and protect his rights," and arguing that his public defender was ineffective in protecting these rights. (ECF No. 1, p. 14). Petitioner asks this Court to reverse his conviction and remand to the Benton County Circuit Court for a new trial. (ECF No. 1, p. 16).

In response, the State of Arkansas contends a majority of Petitioner's grounds for relief (Nos. 1-8 and 11) have been procedurally defaulted as Petitioner did not raise them in state court in a Rule 37 petition, and that Petitioner has not demonstrated cause for the procedural default. Arguing that Petitioner's claim 10 and part of claim 9 are not federally cognizable as they are state

4

court rulings on issues of state law, the State also contends that when the Arkansas Supreme Court issued its ruling on Petitioner's claim 10 (as it relates to the alleged violation of the Sixth Amendment of the U.S. Constitution), the Arkansas Supreme Court's decision was not contrary to, or an unreasonable application of, federal law as required by § 2254(d)(1) to be now cognizable in this Petition.

## Discussion

In the interests of finality and federalism, a federal habeas court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013). A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under § 2254(d)(1) is limited to the record that was before the state court who adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits based on a factual determination by the state court will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

Federal courts are further constrained under § 2254 and cannot consider procedurally defaulted claims. Procedurally defaulted claims are "contentions of federal law which were not resolved on the merits in the state proceeding due to [a federal habeas petitioner's] failure to raise them as required by state procedure." *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). Thus, a federal habeas petitioner must show that he "has exhausted the remedies available in the courts of the State" as a precondition to seeking relief under the federal habeas statute. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement ensures that habeas petitioners provide the State an opportunity to correct alleged violations of a petitioner's federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert the court to the claims federal nature." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts). When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights. *Cone v Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 732 (1991)).

In Arkansas, all grounds for post-conviction relief are to be brought in a Rule 37 petition filed in the appropriate state circuit court. Ark. R. Crim. P. 37.1(a), 37.2(b). The time limitations of Rule 37 are jurisdictional, and where they are not met, a trial court lacks jurisdiction to grant post-conviction relief. *See Shabazz v. State,* 359 Ark. 525, 527 (2004) (citing *Maxwell v. State*, 298 Ark. 329 (1989)). A claim not raised in a post-conviction petition is considered procedurally defaulted, is viewed to rest upon an adequate and independent state ground and is generally insulated from federal habeas review. *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson,* 501 U.S. at 732). The only exceptions are where a petitioner can

6

demonstrate "cause" for this default and "actual prejudice" resulting from the alleged violation of federal law, or alternatively, where a petitioner demonstrates that failure to consider his claims will result in a fundamental miscarriage of justice.  *Id*.; *Coleman v. Thompson,* 501 U.S. at 750.

        a.        Deference Under 28 U.S.C. § 2254(d)

With respect to Petitioner's Ground 9 (alleged violation of the Sixth Amendment confrontation clause) and Ground 10 (alleged bailiff misconduct), the Arkansas Supreme Court adjudicated both of these claims in *Garcia-Chicol v. State,* 2020 Ark. 148 (2020).  With respect to the alleged bailiff misconduct, the Supreme Court found that (1) the Circuit Court's polling of each individual juror reflected that the jury was unanimous in its conviction of Petitioner for rape and that the jury had not been influenced by any outside source, and thus, (2) Petitioner was not prejudiced by the bailiff's comments to the jury foreman regarding the foreman's signature on both verdicts (for rape and attempted rape).   When addressing this issue, the Supreme Court analyzed Arkansas state law, Ark. Code Ann. §16-89-128 (2005), and Ark.R. Evid. 606(b).  While serious grounds for a direct appeal of Petitioner's state conviction, bailiff misconduct with respect to jury verdict forms does not raise a federal question, and this Court is constrained from any further review of it.  *See Coleman,* 501 U.S. at 729 ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.")

With respect to the Circuit Court's admission of a partially translated letter allegedly written by Petitioner and sent to his wife, the Arkansas Supreme Court, relying on *Crawford v. Washington*, 541 U.S. 36 (2004), and federal decisions rendered by the Eighth, Ninth and Fifth Circuits, found the letter to be nontestimonial because the State's translator was a mere language conduit for Petitioner, rejecting Petitioner's Sixth Amendment confrontation clause challenge.

This Court cannot say that the Arkansas Supreme Court's adjudication of Petitioner's Sixth Amendment claim "was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" as the Court properly applied the governing legal standard and arrived at a reasonable result. 28 U.S.C. § 2254(d)(1), (2). For those reasons, the Court exercises the mandated deference to the Arkansas Supreme Court's decision on the Sixth Amendment claim of Petitioner, entitling Petitioner to no relief.

### b. Procedural Default

The remainder of Petitioner's claims were not presented to or adjudicated by the Arkansas state courts and thus, they are procedurally defaulted for purposes of § 2254. As noted, this Court may excuse Petitioner's procedural default only where he has alleged facts sufficient to demonstrate either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice, as in Petitioner's actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

When completing his § 2254 Petition (which requires explanation concerning exhaustion of state remedies), Petitioner responded that, with respect to grounds 2-8 and ground 11, he is not an English speaker and that he relied on his counsel "to protect his rights." (ECF No. 1., pp. 4-10, 13). When asked to further explain his "reasons for not presenting" these habeas claims in state court, Petitioner responded "N/A." (ECF No. 1, p.14).

The Court views Petitioner's position as essentially raising ineffective assistance of counsel both as an excuse for his failure to exhaust administrative remedies and as a ground for habeas relief. Generally, ineffective assistance of state postconviction counsel does not provide cause to

8

excuse procedural default. *See Coleman,* 501 U.S. at 752-55. What Petitioner attempts to invoke (either intentionally or inadvertently) is the *Martinez* exception to *Coleman. See Martinez v Ryan,* 566 U.S. 1 (2012).

The limited, equitable exception to procedural default applies to Petitioner's claims if Petitioner meets the criteria established in *Martinez*. A federal court is allowed to find "cause," thereby excusing a habeas petitioner's procedural default in Arkansas, where (1) the claim of ineffective assistance of trial counsel was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding with respect to the "ineffective-assistance-of-trial-counsel claim," and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *Trevino v. Thaler,* 569 U.S. 413, 423 (2013) (applying *Martinez* under Texas law). A "substantial" ineffective-assistance claim is one that has some merit. *Martinez, supra.* After *Trevino,* the Court of Appeals for the Eighth Circuit held that an Arkansas prisoner can "'demonstrate cause for default' by proving Rule 37 Counsel's ineffective assistance resulted in the failure to raise an ineffective-assistance-at-trial claim in the initial Rule 37 proceeding." *Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013)

As aptly noted, in habeas cases, "[t]iming matters." *Hartman v. Payne*, 8 F.4th 733, 735 (8th Cir. 2021). Here, Petitioner failed to raise on direct appeal his assertion that the Circuit Court erred when ignoring his letter about the ineffectiveness of his trial counsel, instead appealing claims of bailiff misconduct and the alleged Sixth Amendment confrontation clause violation. Following the Supreme Court's rejection of these arguments and affirmance of his conviction, Petitioner failed and neglected to pursue his claims in a Rule 37 post-conviction motion. As a

result, the Court cannot find the *Martinez* exception applicable, and does not even reach the issue of whether the claim is "substantial" or "potentially meritorious." The Court finds a comparable ruling from a sister court in the Western District of Arkansas wherein the petitioner failed to file a Rule 37 petition (thus failing to ever assert ineffective assistance of trial counsel), leading the Court to conclude that the narrow "cause" exception in *Martinez* cannot, in those circumstances, be invoked to excuse procedural default. *See Berkley v. Myers*, 2021 WL 1115540, at *8 (W.D. Ark. March 4, 2021) ("The Supreme Court was adamant that its holding in *Martinez* created only a 'limited' and 'narrow' exception to the rule established in *Coleman [v. Thompson*, 501 U.S. 722 (1991)]."). Moreover, even had Petitioner illustrated a *Martinez* "cause" to excuse his procedural default, Petitioner must also illustrate "actual prejudice" which he has not done. *Coleman*, 501 U.S. at 750. Accordingly, the Court finds that Petitioner's claims have been procedurally defaulted.

Petitioner's remaining avenue to overcome procedural default is by illustrating that this Court's failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, he must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Sawyer v. Whitely*, 505 U.S. 333, 339 (1992); *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo,* 513 U.S. 298, 316 (1995)). Although Petitioner claims actual innocence, pointing out that he "never made any statements or confessions contrary to his claims of innocence" and arguing there is no physical evidence of his guilt, Petitioner has not come forward with any new and reliable evidence which tends to show his actual innocence. *See Schlup v. Delo,* 513 U.S. 298, 329 (1995) ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in

light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Finally, the Court observes that were it not procedurally defaulted, Petitioner's speedy trial claim is not cognizable in a federal court. *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (a violation of state speedy trial rules is not cognizable in a § 2254 habeas action because it is a state law violation). The same can be said for Petitioner's claims that the Circuit Court Judge permitted the prosecutor to lead and/or influence and intimidate minor witnesses in violation of the Arkansas Rules of Evidence; hurried defense counsel during his direct examination of Petitioner; gave improper instructions to the jury concerning the translated letter; or claims that the State's interpreter had a conflict, was incompetent, or both. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law ... [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). And with respect to Petitioner's contention that the failure of the Siloam Springs Police Department to provide notice to the U.S. Attorney General of Petitioner's arrest – allegedly in violation of 28 C.F.R. § 50.5 (and the Vienna Convention) – is actionable in a § 2254 case, the Court disagrees. The Eighth Circuit has not recognized an individually enforceable right under Article 36(b) of the Vienna Convention, *see United States v. Santos*, 235 F.3d 1105, 1107 (8th Cir. 2000), and in the absence of any Supreme Court decision clearly establishing that the Vienna Convention creates individually enforceable rights, the Court finds § 2254 relief unavailable to the Petitioner on these grounds. *See, e.g., Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009).

For the reasons stated herein, it is recommended that the Petition for Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE. It is further recommended that a Certificate of Appealability be denied.

**The parties have fourteen (14) das from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 19th day of January 2022.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE